IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURIE AL-SAAWI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 11 C 4934 |
| ) | |
| MENARD, INC, ) | Judge Virginia M. Kendall |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Third-Party Defendant Byron Perine ("Perine") seeks to vacate default judgment entered against him on July 16, 2012. The Court entered default judgment against Perine after Perine failed to answer, appear, or otherwise defend against a Third-Party Complaint filed by Defendant/Third-Party Plaintiff Menard, Inc. ("Menards"). For the reasons stated below, Perine's motion to vacate default judgment is denied.

## STATEMENT OF FACTS

Plaintiff Laurie Al-Saawi ("Al-Saawi") filed suit against Menards for negligence after a slip-and-fall incident that occurred at a Menards store located in Homewood, Illinois. On September 6, 2011, Menards, as a third-party plaintiff, filed a claim for negligence against Perine (the "Third-Party Complaint"). In its Third-Party Complaint, Menards alleges Perine spilled liquid on the floor at the Homewood Menards store and failed to warn Al-Saawi about it. According to Menards, these acts and omissions constitute a breach of Perine's duty to Menards to exercise reasonable care and proximately caused Al-Saawi's injuries. Menards maintains it is entitled to contribution from Perine in the event Al-Saawi prevails against it.

1

Menards served Perine the Summons and Third-Party Complaint on November 28, 2011, by delivering a copy to Perine's mother at 717 E. 193rd Street, Glenwood, Illinois ("the Glenwood address"). Perine's answer to the Third-Party Complaint was due December 19, 2011; Perine did not file a timely answer. As of April 27, 2012, Perine had failed to answer, appear in court, or otherwise defend against the Third-Party Complaint. On April 27, Menards filed a motion for entry of default against Perine. The motion, like the Third-Party Complaint, was delivered to the Glenwood address. Perine failed to appear in court on May 14, 2012, on which date the Court granted Menards's motion. On May 15, Menards sent Perine notice of the entry of the default order. On June 4, Menards sent Perine a notice that the prove-up hearing on the default was scheduled for July 16, 2012. Both notices were delivered to the Glenwood address. Perine failed to appear at the July 16 prove-up hearing, where the Court entered judgment against Perine in the amount of $25,000.

On July 16, 2012 Perine called counsel for Menards and was notified that default judgment had been entered against him earlier that day. On August 14, Perine filed a motion for miscellaneous relief, requesting that the Court "back up" the default judgment against him because "[he] was just a witness in the case." The motion was set for presentment on August 27, 2012. On August 27, Perine did not appear and his motion was denied. That same day, Perine filed a motion to vacate the default judgment against him on the same basis – that he was only a witness in the case. On September 13, 2012 Perine appeared before the Court for the first time to present his motion.

Perine moves this Court to vacate the default judgment entered against him, arguing that he changed addresses in early 2012 and was unaware that default proceedings had been initiated against him until he spoke with Menards's counsel on July 16, 2012. Perine also states that

while he received the Third-Party Complaint, he did not participate in the litigation in 2011 because Al-Saawi's counsel informed him that he was only a witness in the case and that he need not appear in court. To support his assertion that he changed addresses, Perine offers (1) his rent receipts from January 2012 through September 2012; (2) a letter from Nicor Gas, dated August 9, 2012; and (3) a billing statement from ComEd, dated July 19, 2012. The letter and billing statement are addressed to Perine at 737 Grant Ave., Chicago Heights, Illinois ("the Chicago Heights address"). The rent receipts indicate that payments were received from Perine and list "737 Grant, 1C" as the address.

## STANDARD REVIEW

Federal Rule of Civil Procedure 60(b) provides several grounds for granting relief from a judgment. Fed.R.Civ.P. 60(b)(1)-(6). The rule is one of general application, and "provid[es] relief from all types of final judgments, including but not limited to default judgments." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984). Relief from a judgment under Rule 60(b) is an extraordinary remedy that should only be granted only upon a showing of exceptional circumstances. *Id.* at 1206 ("In order for default judgment to be an effective deterrent against irresponsible conduct in litigation, relief from a default judgment under rule 60(b) must be perceived as an exception remedy."); *Planet Corp. v. Sullivan*, 702 F.2d 123, 125 (7th Cir. 2003). "Although a default judgment is a harsh sanction and the law does favor trials on the merits, these considerations must be balanced against the need to promote efficient litigation and to protect the interests of all litigants." *White Mountain*, 726 F.2d at 1206. Therefore, it is important that district courts have "default judgment readily available within [their] arsenal of sanctions 'in order to ensure that litigants who are vigorously pursuing their

cases are not hindered by those who are not.' " *Id.* (quoting *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230 (7th Cir. 1983).

Rule 60(b) is applied liberally in the default judgment context only in the "exceptional circumstance where the events contributing to the default judgment have not been within the meaningful control of the defaulting party, or its attorney." *Id*. The defaulting party seeking to vacate a judgment bears the burden of showing: (1) good cause for the default, (2) quick action to correct the default, and (3) a meritorious defense to the complaint. *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007); *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). This three-part test "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Phipps*, 39 F.3d at 162.

## **DISCUSSION**

Although Perine has not specified the portion of Rule 60(b) he relies upon in his motion to vacate, his argument most plausibly falls within Rule 60(b)(1), which allows a court to relieve a party from a final judgment or order where there has been "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P 60(b)(1).

Perine has not shown good cause or demonstrated that the circumstances contributing to his default were out of his control. Rather, Perine's own carelessness caused him to remain unaware of the motion and entry for default judgment against him. *White Mountain*, 726 F.2d at 1205 (default judgment is appropriate where "a defaulting party was aware of or should have been aware of its responsibilities to the opposing party and to the court, and failed to live up to those responsibilities through unexcused carelessness or negligence"). Perine's disregard for this litigation may be excusable had he never received Menards's Third-Party Complaint naming

4

him as a defendant. *See, e.g., Guess ?, Inc. v. Chang*, 163 F.R.D. 505, 508 (N.D. Ill. 1995) (vacating default judgment against defendant who was never properly served with the complaint). Perine, however, received the Third-Party Complaint at the Glenwood address, effectively putting him on notice that he is a defendant in this case. *See Yash Tech., Inc. v. Prospeed Trading, Inc.*, No. 07-cv-4054, 2009 WL 2928095, at *4 (C.D. Ill. Sep. 9, 2009) (refusing to vacate default judgment where Defendant's President was aware of lawsuit one month before default judgment was entered). Despite receiving this complaint, Perine failed to appear in court, contact counsel for Menards, or otherwise participate in the litigation for nearly eight months.

Justification may exist to vacate default judgment had Perine notified the parties that his address had changed at the end of last year. *See, e.g., Chicago Area I.B. of T. Pension Trust Fund v. S.J. Piraino, Inc.*, 1993 WL 515498, at *2 (N.D. Ill. 1993) (vacating default judgment where defendant notified the post office of its change of address but still did not receive notice of the motion for default until three weeks after it was entered). Here, Perine, fully aware at the time he changed his addresses that he was a named defendant in this case, did not notify the parties or this Court that he had moved. *See Phipps*, 39 F.3d at 162 ("Good cause" cannot be established where a party has exhibited willful disregard for duties, carelessness, or negligence); *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977) ("Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)."). *See also Yash*, 2009 WL 2928095, at *4 (finding Defendant's failure to notify Secretary of State of its change of address "at best, simple carelessness, which is enough to derail a showing of 'good cause,' under Rule 60(b)(1), for the default"). In light of the fact that Perine received the Third-Party Complaint, he must show more severe circumstances than a

change of address in order to demonstrate that his disregard of this case was excusable. *See, e.g., United States v. $48,595*, 705 F.2d 909, 913 (7th Cir. 1983) (vacating default judgment where defaulting party lacked funds, lacked counsel, and was imprisoned in a foreign country).

Perine's reliance on Al-Saawi's counsel does not save his challenge. Court's have consistently held that even detrimental reliance on one's *own* attorney is insufficient grounds to vacate a default judgment. *See, e.g., White Mountain*, 726 F.2d at 1206 (denying defendant's motion to vacate where defendant argued that default was caused by a lack of communication by defendant's attorney); *Ben Sager*, 560 F.2d at 809 (denying defendant's motion to vacate where defendant argued that default was caused by his counsel's lack of diligence). The fact that Perine relied on the advice of another party's counsel, with whom Perine had no legal relationship, before appearing in court a single time, does not compel the Court to make a finding of exceptional circumstances.

## CONCLUSION AND ORDER

The Court finds that Perine has not demonstrated excusable neglect with respect to his failure to participate in this case as a third-party defendant. Accordingly, Perine's Motion to Vacate Default Judgment is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: October 23, 2012